# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00055-MR
# [Criminal Case No. 1:10-cr-00023-MR-1]

| | |
|---|---|
| BENITO HERNANDEZ HERNANDEZ, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1], as supplemented [Doc. 12]; Respondent's Motion to Dismiss [Doc. 6]; Petitioner's Motions for Judgment on the Pleadings [Docs. 8, 10, 11]; and Petitioner's Motion for an Order requiring the Government file a response to his Motion for Judgment on the Pleadings [Doc. 9]. For the reasons that follow, Respondent's motion to dismiss will be granted and Petitioner's motions will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was named as the sole defendant in a one-count bill of indictment returned by the grand jury for this District. The Indictment alleged that on or about March 7, 2010, Petitioner illegally attempted and in fact had reentered the United States after having been deported in violation of 8 U.S.C. § 1326(a) (2006). [Criminal Case No. 1:10-cr-00023, Doc. 1: Indictment]. Petitioner was appointed counsel and entered into a written plea agreement with the Government. The plea agreement informed Petitioner that he faced a statutory maximum of no more than twenty years in prison based on the fact that Petitioner had illegally reentered the United States after having been convicted of an aggravated felony. [Id., Doc. 15: Plea Agreement].

Petitioner appeared with counsel for his Plea and Rule 11 hearing before U.S. Magistrate Judge Dennis L. Howell. Before beginning the hearing, Judge Howell noted that the plea agreement provided that Petitioner could potentially face a twenty-year term of imprisonment based on reentry after having been convicted of an aggravated felony. As the Magistrate Judge noted, however, the Indictment did not allege that Petitioner had been convicted of an aggravated felony and the violation of 8 U.S.C. § 1326(a) that was alleged in the Indictment carried a sentence of

no more than two years in prison. The hearing was continued to allow the parties to address this issue.

When the hearing resumed, Petitioner had decided to forego a plea agreement and enter a plea of guilty as charged. Petitioner was placed under oath and confessed that he was in fact guilty of violating § 1326(a) and that he would waive his right to contest the charge at trial. Petitioner admitted that he and his counsel had discussed the Sentencing Guidelines and how those guidelines might apply to his case. Petitioner's plea of guilty was accepted after the Court found that it was knowingly and voluntarily entered. [Id., Doc. 46: Transcript of Plea and Rule 11 Hearing].

The U.S. Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. The PSR provided that in August 2006, Petitioner was arrested in Mecklenburg County within the Western District and charged with felony possession with intent to sell or deliver cocaine, carrying a concealed weapon, and underage possession of alcohol. The State voluntarily dismissed the charges and Petitioner was taken into custody by the Bureau of Immigration and Customs Enforcement (ICE). Petitioner was later released pending a removal hearing in the United States Immigration Court in Atlanta, Georgia. Petitioner failed to appear for the hearing and he was subsequently ordered to be removed

from the United States. In September 30, 2008, Petitioner was deported at Brownsville, Texas. [Id., Doc. 26: PSR ¶ 2]. Less than a year later, in March 2009, a United States Border Agent in the United States encountered Petitioner and he was again removed from the United States based on the prior order of removal.

On May 31, 2009, Petitioner was again arrested in Mecklenburg County, this time on charges of driving while impaired, driving while license revoked, underage possession of alcohol, and providing fictitious information to a law enforcement officer. Officials with ICE were notified and a detainer was filed. Petitioner was later removed from the United States. On September 1, 2009, Petitioner was arrested in Spartanburg, South Carolina on a charge of felony trafficking in methamphetamine and he subsequently entered a guilty plea to felony possession with intent to distribute methamphetamine in November 2009, for which he was sentenced to a term of fifteen years in the South Carolina Department of Corrections. The judgment provided that Petitioner would be sentenced to time served and the balance of the fifteen-year term would be suspended. On December 8, 2009, Petitioner was deported with probation to begin upon Petitioner's return to the United States.

On March 6, 2010, Petitioner was stopped by an officer in Asheville, North Carolina. Petitioner provided a revoked driver's license and informed the officer that his name was Efrain Carrillo Majarro. Petitioner was arrested and officers determined that Petitioner had provided a false name and that he had been deported on five prior occasions. Petitioner's federal indictment in the present case followed.

The probation officer calculated a base offense level of 8 and increased Petitioner's offense level by twelve levels based on his prior felony drug trafficking offense in South Carolina. [Id. ¶ 10]. See U.S. Sentencing Guidelines Manual (USSG) § 2L1.1(b)(1)(B). Petitioner's adjusted offense level of 20 was reduced by three levels pursuant to USSG § 3E1.1(a) based upon his acceptance of responsibility, yielding a total offense level of 17.

Based on his criminal history and because the present offense was committed at the time he was on probation for the South Carolina drug trafficking offense, the probation officer calculated a criminal history category of IV. See USSG § 4A1.1(d). Based on Petitioner's offense level and criminal history category, the probation officer recommended a Guidelines range of 51-63 months' imprisonment.

Petitioner's counsel objected to the calculation of Petitioner's criminal history as identified in paragraphs 19-36 of the first revised PSR, contending that those offenses were committed by an individual named Efrain Carrillo Mojarro and not Petitioner. The probation officer responded that Petitioner's fingerprints were obtained following each of the arrests along with a booking photo and the fingerprints and photos belonged to Petitioner. [Id. at 13]. Petitioner's counsel also objected to the finding that Petitioner faced a statutory maximum of twenty years under § 1326(b)(2) because he pled guilty to a violation § 1326(a) which carried a maximum term of only two years. The probation officer noted that Petitioner's Acceptance and Entry of Unwritten Plea form that was signed and filed following his Plea and Rule 11 hearing specifically provided that Petitioner could face a maximum of twenty years under the criminal penalties provided for in § 1326(b)(2). [Id., Doc. 16 at 4].

On January 21, 2011, Petitioner appeared with counsel for his sentencing hearing. At the hearing, counsel objected to the use of the convictions identified in paragraphs 24 (felony obstruction of justice) and 27 (felony possession with intent to distribute methamphetamine), arguing that these convictions were sustained by an individual named Efrain Carrillo Majorro and were therefore not attributable to the Petitioner. In response,

6

the Government presented evidence from ICE agent Christian Lawrence Reusch. Agent Reusch identified Petitioner and testified that she interviewed him in Spartanburg County in September 2009, and obtained a copy of his fingerprints and a sworn statement in which Petitioner identified himself as Efrain Carrillo. Agent Reusch further testified that immigration documents which were admitted into evidence during the sentencing hearing demonstrated that Petitioner's name was in fact Benito Hernandez Hernandez. In particular, the evidence demonstrated that the fingerprints of Petitioner were linked to numerous aliases, including Efrain Carrillo Majoro.

The Government also presented testimony from Officer Michael Turner of the Spartanburg County Sheriff's Office. Officer Turner testified that he initiated a traffic stop of the Petitioner in September 2009, and after obtaining consent to search the vehicle, discovered several pounds of marijuana and a quantity of crystal methamphetamine. Petitioner was arrested and provided the name of Efrain Carrillo while being booked into the Spartanburg County detention center. Officer Turner testified that he booked Petitioner and he provided an in-court identification naming Petitioner as the individual he arrested in September 2009.

Finally, the Government presented testimony from ICE officer Christine Dablewski. Officer Dablewski testified that during an interview in the Buncombe County Jail in March 2010, Petitioner identified himself as Efrain Carrillo Majarro. Officer Dablewski, however, identified him as Benito Hernandez Hernandez based on his fingerprints and immigration documents, including photographs. Of note, Agent Dablewski matched Petitioner's fingerprints to five separate immigration documents in identifying him as Benito Hernandez Hernandez.

The Court overruled Petitioner's objections and found that based on the evidence presented the Petitioner was the individual arrested for trafficking in methamphetamine in South Carolina in 2009. Because the South Carolina trafficking conviction qualified as an aggravated felony for which he was convicted prior to being deported, and the Petitioner thereafter unlawfully returned to the United States, the Court found that the Petitioner faced a maximum sentence of twenty years for the present offense. The Court further calculated the Petitioner's total offense level to be 17, which when combined with a criminal history category of Level VI, yielded a Guidelines range of 51 to 63 months' imprisonment. After noting the serious nature of Petitioner's repeated illegal reentries into this country and that he had amassed a lengthy criminal history while here unlawfully in

the United States, the Court sentenced Petitioner to a total of 120 months in prison.

Petitioner appealed to the Fourth Circuit Court of Appeals. On appeal, the Court concluded that the Petitioner's sentence was reasonable and that the District Court did not err in ordering that he reimburse his court-appointed attorney. The Court further rejected Petitioner's challenge to the District Court's finding that his prior conviction for drug trafficking subjected him to a 20-year maximum term under § 1326(b)(2), finding that this argument was barred by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 233-35 (1998). Petitioner's judgment was therefore affirmed in all respects. <u>United States v. Hernandez</u>, 456 F. App'x 265 (4th Cir. 2011) (unpublished).

The Petitioner filed the present motion to vacate on March 20, 2012. [Doc. 1]. The Government filed a response in opposition and a motion to dismiss on July 2, 2012. [Docs. 5, 6]. Thereafter, the Petitioner filed a series of motions for judgment on the pleadings [Docs. 8, 10, 11], a motion to order the Government to respond to his motion for judgment on the pleadings [Doc. 9], and a motion to supplement his § 2255 petition. [Doc. 12].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine the § 2255 motion, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any collateral relief. The Court has considered the record in the matter and applicable authority and concludes that the disposition of the Government's motion to dismiss can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner raises claims of ineffective assistance from both his trial and appellate counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States,

720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . .Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

A. Booker Claims

Petitioner contends he received ineffective assistance of counsel because his counsel did not file an objection based on United States v. Booker, 543 U.S. 220 (2005). Petitioner appears to argue that the twelve-level increase under U.S.S.G. § 2L1.2(b)(1)(B) was erroneously applied because he did not have the requisite qualifying prior conviction. This argument is without merit.

Section 2L1.2(b)(1)(B) provides for a twelve-level increase if the defendant was previously deported and unlawfully returned to the United States after being convicted of a drug trafficking offense for which he received a sentence of 13 months or less. The fact of the prior conviction noted in the PSR – felony possession with intent to distribute methamphetamine – was the subject of an extensive evidentiary hearing and this Court found and concluded that Petitioner was in fact the perpetrator of that drug trafficking offense. Accordingly, the Court correctly applied the twelve-level increase under § 2L1.2(b)(1)(B).

Petitioner's reliance on Booker is misplaced. In Booker, the Supreme Court held that the Sixth Amendment right to a have a jury determine the facts of a criminal case applied to the application of the Sentencing Guidelines, and that any fact, *other than a prior conviction* which enhanced

a sentence beyond the statutory maximum must either be found a jury or admitted by the defendant. Id. at 224-45. Here, Petitioner was sentenced to 120 months' imprisonment, a sentence which is well within the twenty-year statutory maximum authorized by statute. In any event, the "fact" at issue was the fact of the Petitioner's prior conviction for a South Carolina drug offense. As such, Booker can afford no relief in this instance. This argument is overruled.

B. Taylor Claim

Petitioner next contends that his counsel was ineffective in failing to raise a claim under Taylor v. United States, 495 U.S. 575 (1990). Specifically, Petitioner contends that under the categorical approach set forth in Taylor, his South Carolina drug trafficking conviction would not qualify for a sentencing enhancement, and that had his counsel raised such an objection, the outcome of his sentencing would have been different.

This argument is entirely without merit. Petitioner's prior South Carolina drug trafficking conviction was for felony possession with intent to distribute methamphetamine. [1:10-cr-00023, Doc. 26: PSR ¶ 10]. As noted above, Petitioner's trafficking conviction qualified as a felony drug trafficking under the Guidelines. Therefore, any such objection by his counsel under Taylor would have been without any legal basis. Petitioner's

13

ineffective assistance claim as to this issue is therefore without merit and will be denied and dismissed.

C. Imposition of Attorney's Fees

In his final claim for relief, Petitioner argues that his trial counsel was ineffective in failing to object to the imposition of attorney's fees at sentencing in the absence of a factual finding regarding his ability to pay such fees. In addition, Petitioner contends that his appellate counsel was ineffective by not arguing that his trial counsel was ineffective for failure to challenge the order on attorney's fees on appeal.[1]

Petitioner's criminal judgment was entered on January 27, 2011. On October 28, 2011, the Fourth Circuit heard oral argument in United States v. Moore, 666 F.3d 313 (4th Cir. 2012). The Court considered, among other issues, the scope of the sentencing court's findings on an indigent defendant's ability to repay attorney's fees. In a decision published on January 25, 2012, the Court held that a sentencing court must make specific findings regarding an indigent defendant's ability to repay attorney's fees under 18 U.S.C. § 3006A. It is well-settled, however, that counsel is not ineffective for failing to predict a possible change in the law.

---

[1] Petitioner's appellate counsel did argue that the trial court erred in imposing attorney's fees but the Fourth Circuit rejected this argument after finding that Petitioner could not meet the standard for plain error. Hernandez, 456 F. App'x at 266.

14

See United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996) ("[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient."); see also Brown v. United States, 311 F.3d 875, 878 (10th Cir. 2002) (rejecting contention that failure to raise an argument that was not supported by "then-existing precedent does not constitute ineffective assistance.") (internal citations omitted).

At the time of Petitioner's sentencing, there was no controlling authority in this Circuit which counsel could have presented in support of a challenge to the Court's order of reimbursement. See Moore, 666 F.3d at 321-22 (noting the lack of published cases upholding a reimbursement order based on a defendant's future, potential ability to pay). Accordingly, the Court finds that Petitioner has failed to carry his burden to demonstrate a right to relief under Strickland, and this claim is dismissed.

D.  Supplemental Motion to Vacate

On July 23, 2013, Petitioner filed a supplemental motion to vacate contending that the Court's finding that he qualified for the statutory maximum of twenty years' imprisonment under 8 U.S.C. § 1326(b)(2) is in violation of the Supreme Court's recent decision in Alleyne v. United

States, 133 S.Ct. 2151 (2013).[2] In <u>Alleyne</u>, the Supreme Court held that any fact, other than a prior conviction, which increases the statutory minimum punishment is an element of the crime and must be charged by indictment and proved by a reasonable doubt. <u>Id.</u> at 2155.

First, Petitioner's argument is without merit because his statutory maximum sentence was based on the fact of a prior conviction. Second, even if <u>Alleyne</u> could provide assistance, courts have held that it is not retroactive to cases on collateral review. <u>See</u> <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013) ("<u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Justices have decided that other rules based on <u>Apprendi</u> do not apply retroactively to cases on collateral review.").

For the reasons stated herein, the claim asserted in Petitioner's supplemental motion will be denied.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's claims in his Section 2255 motion, as supplemented, are without merit and the Court will, therefore, grant Respondent's motion to dismiss will be granted.

---

[2] The Court notes that Petitioner should likely have filed a motion to amend his § 2255 motion. However, as the Court finds that his argument is without merit it is of no moment to the resolution of the issue he presents.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss [Doc. 6] is **GRANTED**;

2. Petitioner's § 2255 Motion as supplemented [Docs. 1, 12] is **DENIED** and **DISMISSED**;

3. Petitioner's Motions for Judgment on the Pleadings [Docs. 8, 10, 11] are **DENIED**;

4. Petitioner's Motion for an Order requiring the Government file a response to his Motion for Judgment on the Pleadings [Doc. 9] is **DENIED**; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 23, 2014

Martin Reidinger
United States District Judge